Matthew Swanlund (CSB No. 204542)
matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
8055 W Manchester Ave, Suite 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545

Cody R. LeJeune (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
2801 Camino Del Rio South, Suite 200A
San Diego, California 92108
Telephone: (985) 713-4964

Attorneys for Plaintiff
YZ PRODUCTIONS, INC., a California corporation

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YZ PRODUCTIONS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> OOSHIRTS, INC., a California corporation, d/b/a TeeChip, and DOES 1 through 20, inclusive; <br><br> Defendants, | Case No. <br><br> **COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK AND TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, COPYRIGHT INFRINGEMENT, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff YZ Productions, Inc. ("Plaintiff" or "YZ") hereby complains of Ooshirts, Inc., d/b/a TeeChip ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for (1) direct and contributory trademark counterfeiting under 15 U.S.C. §1114, (2) direct and contributory trademark infringement under 15 U.S.C. §1114, (3) direct and contributory trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. §1125(a); (4) direct and contributory trademark dilution under 15 U.S.C. §1125(c); (5) direct, contributory, and vicarious copyright infringement under 17 U.S.C. §501 *et seq*.; (6) unfair competition under California Business & Professions Code §17200 *et seq*.; and (7) California common law unfair competition.

2.     The Court has original subject matter jurisdiction over the claims that relate to trademark counterfeiting, trademark and trade dress infringement, false designation of origin, and trademark dilution pursuant to 15 U.S.C. §§ 1116 and/or 1121(a) and has original subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 501 et seq. The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under the laws of the United States. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over the claims which arise under state statutory and common law, because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendant because it has a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant has its principal place of business in California and regularly conducts business within California, including in this Judicial District. In addition, Defendant has committed acts of trademark counterfeiting, trademark and trade dress

infringement, false designation of origin, trademark dilution, copyright infringement, and unfair competition in California and in this Judicial District, including, but not limited to, counterfeiting, and using infringing marks, trade dress, and designs in connection with the sale and offering for sale of products to customers in California and in this Judicial District, and Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at least because a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

5. YZ is a corporation organized and existing under the laws of the State of California, having a principal place of business at 16000 Ventura Blvd, Suite 520, Encino, CA 91436, in Los Angeles County.

6. Upon information and belief, Ooshirts, Inc. is a California corporation, having a principal place of business at 39899 Balentine Drive, Suite 220, Newark, CA 94560.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF
### YZ and Its Intellectual Property

7. YZ is a professional multimedia production company, YouTube channel operator, and distributor engaged in the production, design, creation, distribution and sale of multimedia content.

8. YZ's numerous YouTube channles contain a library of thousands of original videos and currently has more than Thirteen Million (13,000,000) subscribers.

9. YZ's numerous social media channels (i.e., Instagram, Facebook, TikTok) also has multiple millions of subscribers and followers.

10. Since at least as early as January 1, 2016, YZ has used REBECCA ZAMOLO as a trademark in U.S. commerce in connection with multimedia content (i.e., YouTube

COMPLAINT

videos), social media channels, consumer products, and clothing (collectively, the "REBECCA ZAMOLO Goods").

11. The REBECCA ZAMOLO trademark was registered with the U.S. Patent and Trademark Office on June 30, 2020 as Registration No. 6,090,463.

12. YZ is the owner of all right, title and interest in and to the trademark REBECCA ZAMOLO (the "REBECCA ZAMOLO Trademark") for the REBECCA ZAMOLO Goods.

13. Since at least as early as July 30, 2019, YZ has used ![GM GAMEMASTER] as a trademark (the "GAMEMASTER Trademark") in U.S. commerce in connection with multimedia content (i.e., YouTube videos), social media channels, consumer products, and clothing (collectively, the "GAMEMASTER Trademark Goods").

14. The GAMEMASTER Trademark was registered with the U.S. Patent and Trademark Office on August 4, 2020 as Registration No. 6,120,711.

15. YZ is the owner of all right, title and interest in and to the GAMEMASTER Design Trademark for the GAMEMASTER Trademark Goods.

16. Since at least as early as January 1, 2016, YZ has used ZAMFAM as a trademark in U.S. commerce in connection with multimedia content (i.e., YouTube videos), social media channels, consumer products, and clothing (collectively, the "ZAMFAM Goods").

17. YZ is the owner of all right, title and interest in and to the trademark ZAMFAM (the "ZAMFAM Trademark") for the ZAMFAM Goods.

18. The ZAMFAM Trademark was submitted for registration with the U.S. Patent and Trademark Office on December 4, 2019 as Serial No. 88,715,402.

19. The REBECCA ZAMOLO Trademark, GAMEMASTER Trademark, and ZAMFAM Trademark are collectively referred to herein as the "YZ Marks."

COMPLAINT

20.   The REBECCA ZAMOLO Goods, GAMEMASTER Trademark Goods, and ZAMFAM Goods are collectively referred to herein as the "YZ Goods."

21.   YZ is the owner of the following federal trademark registrations for the YZ Trademarks and owns all right, title and interest in and to the subject marks thereof and all goodwill associated therewith:

| MARK | REG. NO | GOODS/SERVICES |
|---|---|---|
| REBECCA ZAMOLO | 6,090,463 | Class 3: Cosmetics; Cosmetics for children.<br><br>Class 16: Stickers and transfers; Blank journal books; Blank journals; Blank writing journals; Personalized writing journals; Printed materials, namely, blank journals.<br><br>Class 25: Hats; Hoodies; Shirts; Tops as clothing; Sweat shirts; T-shirts.<br><br>Class 41: On-line video journals, namely, vlogs featuring nondownloadable videos in the field of current events, humor, and popular culture; Production of humorous videos for the Internet; Production of musical videos. |
| GM GAME MASTER | 6,120,711 | Class 25: Jerseys; Shirts; Sport shirts; T-shirts.<br><br>Class 35: Advertising and publicity services; Internet advertising services; Online advertising via a computer communications network. |
| ZAMFAM | 88,715,402 | Class 16: Stickers and transfers.<br><br>Class 25: Hats; Shirts; Hoodies; Sweat shirts; T-shirts; Tops as clothing.<br><br>Class 41: On-line video journals, namely, vlogs featuring nondownloadable videos in the field of current events, humor, and popular culture; |

4

| | | Production of humorous videos for the Internet; Production of musical videos. |
|---|---|---|

22.    A printout from the United States Patent and Trademark Office's ("USPTO") Trademark Status & Document Retrieval ("TSDR") Database showing the current status of the YZ Trademarks is attached as Exhibit A and incorporated by reference.

23.    YZ is the author of an original work of art titled "RZ Cupcake Pink/Teal" (the "RZ Cupcake Artwork").

24.    Since at least as early as January 1, 2018, YZ has used the RZ Cupcake Artwork on consumer products and clothing (collectively, the "RZ Cupcake Goods").

25.    YZ is the owner of all right, title and interest in and to the copyright ("RZ Cupcake Copyright") and trade dress (the "RZ Cupcake Trade Dress") for the RZ Cupcake Goods.

26.    The RZ Cupcake Artwork has been registered with the U.S. Copyright Office since November 21, 2019 as Registration No. VA0002188615.

27.    YZ is also the author of an original work of art titled "Slays Hair" (the "Slays Hair Artwork").

28.    Since at least as early as January 1, 2018, YZ has used the Slays Hair Artwork on consumer products and clothing (collectively, the "Slays Hair Goods").

29.    YZ is the owner of all right, title and interest in and to the copyright ("Slays Hair Copyright") and trade dress (the "Slays Hair Trade Dress") for the Slays Hair Goods.

30.    The Slays Hair Artwork was has been registered with the U.S. Copyright Office since November 21, 2019 as Registration No. VA0002195661. Attached hereto as Exhibit B are a true and correct copy of YZ's copyright registrations.

31.    YZ is also the author and owner of original works of art titled "#ZAMFAM Sprinkles" and "ZAMFAM Crop Top" (collectively, the "ZAMFAM Artworks").

32.    Since at least as early as January 1, 2018, YZ has used the ZAMFAM

5

COMPLAINT

Artworks on the ZAMFAM Goods.

33.     YZ is the owner of all right, title and interest in and to the copyright of the ZAMFAM Artworks ("ZAMFAM Copyright") and trade dress (the "ZAMFAM Trade Dress") for the ZAMFAM Goods.

34.     The RZ Cupcake Trade Dress, Slays Hair Trade Dress, and ZAMFAM Trade Dress are collectively referred to herein as the "YZ Trade Dress."

35.     The RZ Cupcake Artwork, Slays Hair Artwork, and ZAMFAM Artworks are collectively referred to herein as the "YZ Artworks."

36.     As a result of YZ's substantial and continuous use of the YZ Marks, YZ Artworks and YZ Trade Dress, YZ is the owner of strong common law rights in those marks and trade dress.

37.     YZ has and continues to widely market and promote the YZ Marks, YZ Artworks and YZ Trade Dress by displaying the marks, images and trade dress on millions of YouTube videos and clothing articles watched and sold in the U.S. The REBECCA ZAMOLO, GAMEMASTER, and ZAMFAM line of YZ Goods has achieved substantial commercial success.

38.     The YZ Marks, YZ Artworks and YZ Trade Dress are the subject of substantial and continuous marketing and promotion by YZ.

39.     YZ's promotional efforts for the REBECCA ZAMOLO, GAMEMASTER, and ZAMFAM brands and the YZ Marks, YZ Artworks and YZ Trade Dress include – by way of example but not limitation – displaying the marks and trade dress on or in connection with YZ's online ecommerce store, promotional and point-of-sale materials, YZ's websites and other Internet websites and YZ's social media accounts.

40.     As a result of YZ's substantial use and promotion of the YZ Marks, YZ Artworks and YZ Trade Dress, the marks, images and trade dress have acquired great value as specific identifiers of YZ's products and serve to identify and distinguish YZ's products

from those of others. Customers in this Judicial District and elsewhere readily recognize the YZ Marks and YZ Trade Dress as distinctive designations of the origin of YZ's REBECCA ZAMOLO, GAMEMASTER, and ZAMFAM brands of entertainment and other products and services. The YZ Marks, YZ Artworks and YZ Trade Dress are intellectual property assets of enormous value as symbols of YZ and its quality products, reputation, and goodwill.

## Defendant's Infringing Activities

41.     Without permission or consent from YZ, Defendant has marketed, offered for sale, sold, created, manufactured, and/or shipped to consumers unauthorized goods bearing counterfeit and infringing marks and designs that are identical to or substantially similar to the YZ Marks, YZ Artworks and the YZ Goods.

42.     Upon information and belief, Defendant owns and operates an ecommerce system through which infringing and counterfeit apparel and other goods displaying the YZ Marks, YZ Artworks and Goods, and/or confusingly marks and substantially similar designs (hereinafter, "Infringing Goods") are marketed, offered for sale, sold, created, and/or shipped to consumers by Defendant, all without permission or authorization from YZ.

43.     Upon information and belief, Defendant is directly involved in the sale of goods via its e-commerce system and has direct control over and specific knowledge of the Infringing Goods advertised or sold via that system. Defendant provides all of the necessary tools for users to create online storefronts through which Infringing Goods are then marketed, offered for sale, and sold.

44.     Defendant's online storefronts are integrated into its website, www.teechip.com. Defendant provides technical, logistical, and other support for those storefronts. Defendant processes retail transactions for the sale of the goods, creates or

directs the creation of the Infringing Goods, and handles shipment of the goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

45. Defendant has offered for sale, sold, and/or shipped Infringing Goods to customers in California, including to customers in this Judicial District. Upon information and belief, Defendant also has made or directed the manufacture of those goods in this Judicial District.

46. Defendant has directly profited from the sale through its ecommerce system of Infringing Goods. Defendant has a direct financial interest in the sale of those goods because Defendant receives a portion of each sale made through its e-commerce system.

47. Some examples of Infringing Goods displaying the YZ Marks, YZ Trade Dress, and YZ Artworks offered for sale and sold on Defendant's website are shown below.





9

COMPLAINT





11

COMPLAINT



48. Upon information and belief, Defendant has specific knowledge of the

13

COMPLAINT

Infringing Goods sold through its e-commerce system, including the goods shown in Paragraph 47 of this Complaint, at least because of Defendant's intimate involvement in the marketing, offering for sale, selling, producing, and/or shipping of the goods, and other customer support provided by Defendant relating to the goods.

49.    Defendant is not affiliated with YZ. At no time has YZ ever given Defendant license, permission, or authority to use or display the YZ Marks, YZ Artworks or the YZ Goods.

50.    Upon information and belief, Defendant knew of the YZ Marks, YZ Artworks and YZ's rights therein when Defendant began marketing, offering for sale, selling, creating, and/or distributing Infringing Goods.

51.    YZ notified Defendant of its infringement of the YZ Marks, YZ Artworks and YZ Goods, including in correspondence dated November 27, 2019, January 31, 2020, and April 29, 2020, and demanded that Defendant stop its unlawful activities. However, Defendant thereafter continued to market, offer for sale, sell, create, and/or distribute Infringing Goods in blatant and willful disregard of YZ's valuable intellectual property rights.

52.    Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally attempted to capitalize on YZ's valuable reputation and customer goodwill in the YZ Marks by using marks, images and trade dress that is the same as or confusingly similar to YZ Marks on or in connection with Infringing Goods. Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of the products offered and sold through Defendant's e-commerce system and are intended to cause consumers and potential customers to believe that the products are associated with YZ, when they are not.

53.    Consistent with Defendant's blatant disregard of and efforts to illicitly profit from YZ's intellectual property, Defendant has a long history of infringing the intellectual

property rights of others for its own profit and gain. Defendant is well aware of the rampant acts of infringement and counterfeiting that are perpetrated by and through Defendant's e-commerce system, as evidenced by the fact that Defendant has been the subject of multiple trademark and copyright infringement lawsuits, including at least the following:

•

54.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to YZ's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of YZ's goods and the Infringing Goods sold through Defendant's e-commerce system, and has otherwise competed unfairly with YZ by unlawfully trading on and using the YZ Marks and YZ Artworks without YZ's permission or consent.

55.    Defendant's acts complained of herein have caused damage to YZ in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

56.    Defendant's acts complained of herein have caused YZ to suffer irreparable injury to its business. YZ will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

(Trademark Counterfeiting Under 15 U.S.C. § 1114)

57.    YZ incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 – 56 of this Complaint as if set forth fully herein.

58.    This is a claim for trademark counterfeiting arising under 15 U.S.C. § 1114.

59.    Defendant has intentionally used in commerce, without permission from YZ, marks that are identical to or substantially indistinguishable from the YZ Marks, including

at least the marks that are the subject of YZ's U.S. Trademark Registration Nos. 6,090,463 and 6,120,711; and U.S. Trademark Serial No. 88,715,402, in connection with marketing, selling, offering for sale, manufacturing, and/or distributing Infringing Goods. Such use is likely to cause confusion, or to cause mistake, or to deceive.

60.    YZ is informed and believes, and on that basis alleges, that Defendant has used the non-genuine marks in connection with its business knowing that the marks are counterfeit. YZ is informed and believes, and on that basis alleges, that the activities of Defendant complained of herein constitute willful and intentional trademark counterfeiting, and Defendant acted with an intent to unfairly compete against YZ, to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that the Infringing Goods are associated with, sponsored by, or approved by YZ, when, in fact, they are not.

61.    Defendant is also contributorily liable for the counterfeiting acts of the users of Defendant's e-commerce system.

62.    Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute goods displaying marks that are counterfeits of YZ's federally registered YZ Marks including at least the marks that are the subject of YZ's U.S. Trademark Registration Nos. 6,090,463 and 6,120,711; and U.S. Trademark Serial No. 88,715,402.

63.    Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, and/or distributing goods that display marks that are counterfeits of YZ's federally registered YZ, including at least the marks that are the subject of YZ's U.S. Trademark Registration Nos. 6,090,463 and 6,120,711; and U.S. Trademark Serial No. 88,715,402. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products

from its e-commerce system and even suspend or terminate users' storefronts.

64.     YZ is informed and believes, and on that basis alleges, that Defendant had actual knowledge of YZ's ownership and prior use of the registered marks and without the consent of YZ, has willfully and intentionally violated 15 U.S.C. § 1114. YZ is further informed and believes, and on that basis alleges, that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

65.     Defendant, by its actions, has irreparably injured YZ and damaged YZ in an amount to be determined at trial. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

66.     YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 65 of this Complaint as though fully set forth herein.

67.     This is a claim for direct and contributory trademark infringement arising under 15 U.S.C. § 1114.

68.     YZ owns valid and enforceable federally registered trademarks for the YZ Marks, including the registrations listed above.

69.     Defendant has directly infringed the federally registered YZ Marks by using in commerce, without permission from YZ, colorable imitations, and/or confusingly similar marks to the YZ Marks.

70.     Defendant has used the aforementioned marks in connection with marketing, selling, offering for sale, manufacturing, and/or distributing Infringing Goods. Such use is likely to cause confusion or mistake, or to deceive.

71.     Defendant is also contributorily liable for the infringing acts of the users of

Defendant's e-commerce system.

72.     Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute Infringing Goods.

73.     Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

74.     Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringements of YZ's registered marks, and Defendant acted with the intent to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Infringing Goods are associated with, sponsored by, originated from, or are approved by, YZ, when they are not.

75.     Upon information and belief, Defendant had actual knowledge of YZ's ownership and prior use of the YZ Marks  and willfully violated 15 U.S.C. § 1114.

76.     Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

77.     Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

COMPLAINT

**THIRD CLAIM FOR RELIEF**

(Trademark Infringement, Trade Dress Infringement, and False

Designation of Origin Under 15 U.S.C. § 1125(a))

78.    YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 77 of this Complaint as though fully set forth herein.

79.    This is an action for direct and contributory trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

80.    As a result of the widespread use and promotion of the YZ Marks and YZ Trade Dress, the marks and trade dress have acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the YZ Marks with YZ.

81.    Defendant has directly infringed the YZ Marks and YZ Trade Dress and created a false designation of origin, by using in commerce, without YZ's permission, trademarks and trade dress that are identical and/or confusingly similar to the YZ Marks, and YZ Trade Dress, in connection with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods.

82.    Defendant is also contributorily liable for the infringing acts of the users of Defendant's e-commerce system.

83.    Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute Infringing Goods.

84.    Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even

19

COMPLAINT

suspend or terminate users' storefronts.

85.     Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of YZ with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's goods or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

86.     Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringements of the YZ Marks and YZ Trade Dress, Defendant acted with the intent to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Infringing Goods are associated with, sponsored by or approved by YZ, when they are not.

87.     Upon information and belief, Defendant had actual knowledge of YZ's ownership and prior use of the YZ Marks and YZ Trade Dress, without the consent of YZ, willfully violated 15 U.S.C. § 1125(a).

88.     Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

89.     Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## **FOURTH CLAIM FOR RELIEF**

(Federal Dilution Under 15 U.S.C. § 1125(c))

90.     YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 89 of this Complaint as though fully set forth herein.

91.     This is a claim for direct and contributory federal trademark dilution arising under 15 U.S.C. § 1125(c).

92.     Products sold under YZ's Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world. By virtue of the wide renown acquired by YZ's Marks, coupled with the widespread distribution and extensive sale of various products distributed under the YZ Marks, YZ Trade Dress and YZ Artworks is famous and became so prior to Defendant's acts complained of herein.

93.     Defendant's unauthorized and commercial use of YZ's Marks in connection with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods has caused and is likely to continue to cause dilution of the distinctive qualities of YZ's famous marks.

94.     Defendant is also contributorily liable for the acts of trademark dilution by users of Defendant's e-commerce system.

95.     Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute goods displaying marks that dilute or are likely to dilute the distinctive qualities of YZ's famous marks.

96.     Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, and/or distributing goods that display marks that dilute or are likely to dilute the distinctive qualities of YZ's famous marks. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

97.     Defendant's acts are likely to tarnish, injure, or trade upon YZ's business, reputation or goodwill, and to deprive YZ of the ability to control the use of its YZ Marks and the quality of products associated therewith.

98.     Upon information and belief, Defendant's acts of dilution have been willful

and deliberate.

99.   Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

100.   Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

(Copyright Infringement Under 17 U.S.C. §§ 501 et seq.)

101.   YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 100 of this Complaint as though fully set forth herein.

102.   This is an action for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, et seq.

103.   YZ is the owner of valid and enforceable copyrights in the YZ Artworks, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

104.   YZ has complied with the registration requirements of 17 U.S.C. § 411(a) for the RZ Cupcake Artwork, and has obtained Copyright Registration No. VA0002188615, and the Slays Hair Artwork, and has obtained Copyright Registration No. VA0002195661. The ZAMFAM Artworks have been submitted to the U.S. Copyright Office for registration.

105.   Defendant has unlawfully copied protected elements of the YZ Cupcake Artwork, Slays Hair Artwork, and ZAMFAM Artworks.

106.   Upon information and belief, Defendant had access to the YZ Artworks at least because YZ displays the YZ Artworks on its clothing, accessories, websites, online ecommerce store, YouTube Channels, and social media pages. Defendant also had access to the YZ Artworks because YZ previously notified Defendant of its infringement of those

copyrighted designs.

107.  Without permission from YZ, Defendant has directly infringed the YZ Artworks by distributing, displaying, and reproducing identical and substantially similar designs bearing protected elements of the YZ Artworks.

108.  Defendant is also contributorily and vicariously liable for the acts of copyright infringement by users of Defendant's e-commerce system.

109.  Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute goods that infringe the YZ Artworks.

110.  Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and substantially assists users with marketing, offering for sale, selling, creating, and/or distributing goods that infringe the YZ Artworks.

111.  Upon information and belief, Defendant has the right and ability to supervise its users' conduct on Defendant's e-commerce system, including, for example, because it can remove products from its e-commerce system and even suspend or terminate users' storefronts.

112.  Defendant also profits directly from the sale of goods through its ecommerce system that infringe the YZ Artworks because Defendant receives a portion of each sale.

113.  Defendant's deliberate copying of the YZ Artworks infringes and continues to infringe the YZ Artworks in violation of 17 U.S.C. § 501(a). Defendant is directly infringing on YZ's exclusive right to reproduce copies, make derivative works, distribute copies, and display its YZ Artworks under 17 U.S.C. §§ 106(1)–(3), (5).

114.  Upon information and belief, Defendant's infringement has been willful and deliberate.

115.  Defendant, by its actions, has damaged YZ in an amount to be determined at

trial.

116.   Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

(Unfair Competition Under California Business & Professions Code §§ 17200 et seq.)

117.   YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 116 of this Complaint as though fully set forth herein.

118.   This is an action for unfair competition under California Business & Professions Code §§ 17200, et seq.

119.   By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with YZ in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

120.   Defendant's acts complained of herein constitute trademark infringement, trade dress infringement, and unfair competition which have injured and damaged YZ.

121.   Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

(California Common Law Unfair Competition)

122.   YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 121 of this Complaint as though fully set forth herein.

123.   This is an action for unfair competition under the common law of the State of

California.

124.   Defendant's acts complained of herein constitute trademark infringement, trade dress infringement, and unfair competition under the common law of the State of California.

125.   By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with YZ in violation of the common law of the State of California.

126.   Defendant's aforementioned acts have damaged YZ in an amount to be determined at trial.

127.   Defendant has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has noadequate remedy at law.

128.   Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, YZ is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## **PRAYER FOR RELIEF**

WHEREFORE, YZ prays for judgment against Defendant as follows:

1.   That the Court render a final judgment in favor of YZ and against Defendant on all claims for relief alleged herein;

2.   That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1114 by directly and/or contributorily counterfeiting YZ's registered trademarks, including at least the marks that are the subject of U.S. Trademark Registration Nos. 6,090,463 and 6,120,711; and U.S. Trademark Serial No. 88,715,402;

3.   That the Court render a final judgment that Defendant has violated the

provisions of 15 U.S.C. § 1114 by directly and/or contributorily infringing YZ's registered trademarks, including at least the YZ Marks;

4.    That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully and directly and/or contributorily infringing the YZ Marks by using a false designation of origin, false description or false representation through the marketing, offering for sale, and sale of Infringing Goods offered through Defendant's e-commerce system;

5.    That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(c) by directly and/or contributorily diluting YZ's famous Marks;

6.    That the Court render a final judgment that Defendant has violated 17 U.S.C. § 501(a) by directly, contributorily, and/or vicariously infringing the YZ Artworks;

7.    That the Court render a final judgment that Defendant has violated the provisions of California Business & Professions Code §§ 17200, et seq. by committing trademark infringement, trade dress infringement, and unfairly competing with YZ;

8.    That the Court render a final judgment that Defendant has violated California common law by unfairly competing with YZ;

9.    That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

        a.    using any of the YZ Marks, YZ Trade Dress, or YZ Artworks in connection with Defendant's products or other products offered for sale or sold through Defendant's e-commerce system, using any of the YZ Marks, YZ Trade Dress, and/or YZ Artworks in advertising or promoting Defendant's products or other products offered through Defendant's e-commerce system,

and/or using confusingly similar variations of any of the YZ Marks, YZ Trade Dress or YZ Artworks, in any manner that is likely to create the impression that Defendant's products or other products offered through Defendant's e-commerce system originate from YZ, are endorsed byYZ, or are connected in any way with YZ;

b. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the YZ Marks, YZ Artworks or YZ Trade Dress, and/or any confusingly similar marks, images or trade dress;

c. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing or using the YZ Artworks or any designs substantially similar thereto;

d. without permission or authorization from YZ, copying, reproducing, distributing, displaying, creating derivative works of the YZ Artworks and/or importing, manufacturing, or producing any products bearing copies or derivative works of the YZ Artworks;

e. filing any applications for registration of any trademarks, trade dress, copyrighted works, or designs confusingly similar to the YZ Marks or YZ Trade Dress, and/or substantially similar to the YZ Artworks;

f. otherwise infringing any of the YZ Marks, YZ Trade Dress, or YZ Artworks, or otherwise diluting the YZ Marks;

g. falsely designating the origin of Defendant's products in any manner suggesting that Defendant's products or other products offered for sale or sold through Defendant's e-commerce system originate from YZ;

27

COMPLAINT

h.  unfairly competing with YZ in any manner whatsoever; and

i.  causing a likelihood of confusion or injury to YZ's business reputation;

10.  That Defendant be directed to file with this Court and serve on YZ within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

11.  That Defendant be required to account to YZ for any and all profits derived by Defendant and all damages sustained by YZ by virtue of Defendant's acts complained of herein;

12.  That Defendant be ordered to pay over to YZ all damages which YZ has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

13.  That, at YZ's election, Defendant be ordered to pay over to YZ statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 for each of YZ's Marks that Defendant has counterfeited;

14.  That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

15.  That YZ be awarded its damages and Defendant's profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if YZ elects, that YZ be awarded statutory damages pursuant to 17 U.S.C. § 504;

16.  That YZ be awarded exemplary damages from Defendant pursuant to Cal. Civ. Code. § 3294;

17.  That Defendant's actions be deemed willful;

18.  That an award of reasonable costs, expenses, and attorneys' fees be awarded to YZ pursuant to at least 15 U.S.C. § 1117 and 17 U.S.C § 505;

19.    That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing any of the YZ Marks, YZ Artworks or YZ Trade Dress, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

20.    That YZ be awarded such other and further relief as this Court may deem just.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, YZ hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**LEJEUNE LAW, P.C.**

Dated: September 21, 2020          By:    /s/ Cody R. LeJeune

Cody R. LeJeune
2801 Camino Del Rio South, Suite 200A
San Diego, California 92108
Telephone: (985) 713-4964

Attorneys for Plaintiff
YZ PRODUCTIONS, INC., a California corporation

29
COMPLAINT